IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY WAYNE HALL,                          6:11-CV- 06359 RE

          Plaintiff,                         **OPINION AND ORDER**

     v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

         Defendant.

**REDDEN**, Judge:

    Plaintiff Anthony Hall ("Hall") brings this action to obtain judicial review of a final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

his claim for Disability Insurance Benefits ("DIB") and for Supplemental Security Income

("SSI") benefits.  For the reasons set forth below, the decision of the Commissioner is reversed

and this matter is remanded for the calculation and payment of benefits.

1  - OPINION AND ORDER

## BACKGROUND

Born in 1968, Hall filed applications for DIB and SSI benefits in July 2008. He has past relevant work as a tow truck driver and tractor-trailer driver. Hall alleges disability since July 1, 2005, due to bipolar disorder, schizophrenia, anxiety, depression, Attention Deficit Hyperactivity Disorder ("ADHD"), high blood pressure, and cholesterol. His applications were denied initially and upon reconsideration, and in a hearing decision dated January 18, 2011. Hall's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Hall had the medically determinable severe impairments of polysubstance abuse and antisocial personality disorder. Tr. 15.

The ALJ found that Hall's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*

The ALJ determined that Hall retained the residual functional capacity to perform a full range of work with no public contact and no coworker contact. Tr. 16.

The medical records accurately set out Hall's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Hall contends that the ALJ erred by: (1) improperly weighing physician testimony; (2) finding him not fully credible; and (3) failing to meet his burden of proving Hall capable of performing other work.

2 - OPINION AND ORDER

## I. Medical Source Opinions

Disability opinions are reserved for the Commissioner.  20 C.F.R. §§ 404.1527(e)(1);

416.927(e)(1).  If no conflict arises between medical source opinions, the ALJ generally must

accord greater weight to the opinion of a treating physician than that of an examining physician.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  More weight is given to the opinion of a

treating physician because the person has a greater opportunity to know and observe the patient

as an individual.  *Orn v. Astrue,* 495 F.3d 625, 632 (9th Cir. 2007).  In such circumstances the

ALJ should also give greater weight to the opinion of an examining physician over that of a

reviewing physician.  *Id.*  If a treating or examining physician's opinion is not contradicted by

another physician, the ALJ may only reject it for clear and convincing reasons.  *Id.* (Treating

physician); *Widmark v. Barnhart,* 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician).

Even if one physician is contradicted by another physician, the ALJ may not reject the opinion

without providing specific and legitimate reasons supported by substantial evidence in the record.

*Orn,*  495 F.3d at 632; *Widmark,* 454 F.3d at 1066.  The opinion of an nonexamining physician,

by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or

examining physician.  *Widmark,* 454 F.3d at 1066 n. 2.  The ALJ may reject physician opinions

that are "brief, conclusory, and inadequately supported by clinical findings."  *Bayliss v. Barnhart,*

427 F.3d 1211, 1216 (9th Cir. 2005).

Hall argues that the ALJ erred by rejecting the opinion of the only examining

psychologist.

**A. David R. Truhn, Psy. D.**

3  - OPINION AND ORDER

Dr. Truhn conducted a Comprehensive Psychological Evaluation of Hall on April 22, 2008. Tr. 258-264. He administered the Wechsler Adult Intelligence Scale, the Minnesota Multiphasic Personality Inventory-2, the Million Clinical Multiaxial Inventory-III, the Comprehensive Trail Making Test, a mental status examination, and a clinical interview. Dr. Truhn reviewed the medical record.

Dr. Truhn diagnosed Cannabis Dependence; Amphetamine Dependence, in early full remission, by client report; Posttraumatic Stress Disorder; Panic Disorder without Agoraphobia; Attention Deficit/Hyperactivity Disorder, Combined Type; and Antisocial Personality Disorder. Tr. 263. He assessed a current Global Assessment of Functioning ("GAF") of 50.

Dr. Truhn concluded:

> The primary issue at this time seems to be that of the personality disorder interfering in his ability to participate in treatment. He has reported a history of criminal behavior, aggressive intimidating behavior, lack of remorse, impulsively leaving jobs, and chronic conflict with authority figures. Those are all symptoms of antisocial personality disorder.
>
> The secondary issues seems [sic] to be the issues associated with chemical dependency and his use of marijuana and methamphetamine. He reportedly has been using marijuana up until the time of the examination. He reportedly had quit using methamphetamine eight or nine months prior to the examination but he stated in the examination he had been prescribed Adderal. The records state that the medication was changed to Strattera.
>
> There is a possibility that he is experiencing posttraumatic stress disorder and panic disorder, although that is difficult to assess if he is taking Adderal combined with a history of chemical dependency and the impact of possible drug use or withdrawal on those symptoms. There may also be motivational issues related to his self-report as the personality inventory indicates an exaggerated response style.
>
> Treatment recommendations include continued use of psychotropic

4 - OPINION AND ORDER

medications in an effort to treat the aggression and impulsive actions. There is a chance that the aggressive behavior may respond to the use of a psychotropic medication and that his impulsiveness may respond to the use of an attentional medication such as Strattera. It is recommended that stimulant medication such as Adderal or Ritalin are not employed given his history of chemical dependency issues and violent behavior.

It is recommended that he would participate in individual psychotherapy to learn behavioral techniques to treat anxiety based issues such as posttraumatic stress disorder, panic as well as impulsive behavior and conflict resolution. It is recommended that the therapy would assume primarily a behavioral format. He may respond best to a contingency based program in an if/then format such as if he were to participate in such programs then there would be this reward....

It seems that Mr. Hall is not ready to work until he is able to abstain from the use of drugs and is able to moderate his anger and impulsive behavior. There is a chance that he could become aggressive in a work setting or also that he would be unreliable.

It is recommended that Mr. Hall would participate in chemical dependency treatment. It seems that there is a strong possibility that the personality issues are the primary conflict regarding his ability to complete chemical dependency treatment or maintain employment.

Mr. Hall's prognosis is poor. He struggled with chronic conflicts in interpersonal relationships. Personality disorders often require external motivation, and they tend to change little if any with intensive and long term therapeutic intervention.

Tr. 263-64.

Dr. Truhn completed a Mental Residual Function Capacity Report in which he indicated that Hall was markedly limited in: the ability to perform activities within a schedule, maintain regular attendance and be punctual; the ability to sustain a routine without special supervision; the ability to complete a normal workday and to perform at a consistent pace; the ability to interact appropriately with the public; the ability to respond to supervision; the ability to get

along with co-workers, and the ability to maintain socially appropriate behavior. Dr. Truhn assessed multiple areas of moderate limitations. Tr. 266.

The ALJ noted Dr. Truhn's opinion, citing Truhn's comment that "there [was] a chance" that Hall could become aggressive at work, and said it "is speculative at best, and is thus given little weight." Tr. 18.

## B. William Snyder III, Ph.D.

The ALJ gave "great weight" to the opinions of reviewing psychologists William Snyder, Ph.D., Aroon Suansilppongse, M.D., and Sandra L. Lundblad, Psy. D. Dr. Snyder examined the medical record in October 2008, and found Hall moderately limited in the ability to interact with the public, co-workers, and supervisors, and the ability to maintain appropriate behavior. Tr. 317.

Dr. Snyder noted Dr. Truhn's opinion, and stated that Hall did not show significant limitations of cognitive function. He wrote:

> The clt's social interactions did display limitations primarily due to his antisocial personality disorder, and to a lesser extent, his anxiety disorder. He is a man who has responded with irritability and impulsive anger when things did not go his way. He has been abrupt and intolerant of other's rights, usually prefers to be alone rather than go to the trouble of controlling his reactions, and in the past has resorted to physical aggression rather than discussion to solve conflicts. He balked at some lengthy questionaire forms presented by Dr. Truhn and simply decided not to put forth effort to complete that much work.

> Dr. Truhn noted that the clt is highly prone to exaggerate his self de-scribed symptoms and tends to dwell, and to some extent boast, about his negative traits. However, Dr. Truhn found no test or mental status evidence to support the presence of a Bipolar Disorder or Schizophrenia. The clt has no hx of psychiatric hospitalization and only undertook counseling for his Cannabis dependence. The psychotropic medication progress notes from 7/30 to 9/26/08 describe him as relatively stable,

emotionally, without aggressive behavior; some adjustments to his medi-
cation regimen were needed, per his request.

Dr. Truhn concluded his findings by assessing Cannabis Dependence,
R/O PTSD, ADHD, and Panic Disorder (which were mentioned in the
clt's outpatient records (however those documents were not submitted
by sufficiently credentialed sources), and Antisocial Personality Disorder.
This review only assesses limitations in regard to the clt's ability to
interact with others.  He tends to be self centered, arbitrary, dogmatic and
unwilling to compromise.  He is, however, reality based and aware of his
personality liabilities.  He is accepting of medication to help him control
his impulsive behavior and the episodic symptoms of anxiety....He
now expresses disinterest in counseling or person to person remedies.
The clt's social imitations are assessed to be less than substantial in view
of his apparent benefit and partial remission of behavioral conflicts through
the psychotropic approach.

Tr. 318.

Dr. Suansilppongse reviewed the medical file and Dr. Snyder's opinion and agreed with

Dr. Snyder in November 2008.  Tr. 321.  Dr. Lundblad also reviewed the medical file and agreed

with Dr. Snyder in March 2009.

Examining physician Truhn's opinions as to Hall's limitations are contradicted by the

opinions of the nonexamining physicians.  However, the ALJ failed to articulate specific and

legitimate reasons, supported by substantial evidence in the record, to reject Dr Truhn.  While Dr.

Truhn's assertion that Hall may become aggressive at work may be speculative, the rest of his

opinion is based on objective testing and a clinical interview.

## II.  Remand

The decision whether to remand for further proceedings or for immediate payment of

benefits is within the discretion of the court.  *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir.

2000), *cert. denied,* 531 U.S. 1038 (2000).  The issue turns on the utility of further proceedings.

A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

Because the ALJ failed to provide adequate reasons for rejecting Dr. Truhn's opinion, it must be credited as a matter of law. *Widmark,* 454 F.3d at 1069. Dr. Truhn's identification of numerous "marked" limitations, particularly the inability to respond appropriately to supervision, compels a finding of disability according to the testimony of the Vocational Expert. Tr. 67-68, 266.

8 - OPINION AND ORDER

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. This matter is reversed and remanded for the calculation and award of benefits, and this matter is dismissed.

IT IS SO ORDERED.

Dated this ___ day of December, 2012.

JAMES A. REDDEN
United States District Judge

9 - OPINION AND ORDER